```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

BARRY DIGGS                                    CIVIL ACTION

VERSUS                                         NUMBER: 10-00787

ROBERT TANNER, WARDEN                          SECTION: "J"(5)

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Barry Diggs, and the State's response thereto. (Rec. docs. 1, 9, 10). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Diggs' petition be dismissed with prejudice.

Petitioner Diggs is a state prisoner who is presently incarcerated at the Rayburn Correctional Center, Angie, Louisiana. On February 10, 2004, Diggs pled guilty to one count of simple arson in the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana. The State then filed a bill of information accusing Diggs of being a fourth felony offender under LSA-R.S. 15:529.1. Attended by counsel, Diggs admitted to the

allegations set forth in the multiple offender bill of information whereupon he was sentenced to twenty years at hard labor with said sentence to be served concurrently with some other sentences Diggs was then serving.[1]/ Diggs did not directly appeal his conviction or sentence within the thirty-day time period prescribed by LSA-C.Cr.P. Art. 914(B)(1). As a consequence, Diggs conviction became final at the expiration of that thirty-day time period, or March 11, 2004. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003)("conviction becomes final when the time for seeking further direct review in the state court expires").

On February 28, 2005, over eleven months after his conviction had become final, Diggs signed and dated a "motion for clarification of sentence" that was granted by the state trial court on March 16, 2005.[2]/ (St. ct. rec., vol. 1 of 1). Subsequent thereto, Diggs had no challenges to his conviction pending before the state courts until he executed his first post-conviction relief application ("PCRA") over five months later on August 22, 2005. (Id.). A recitation of the remainder of the state court proceedings that took place in Diggs' criminal case is unnecessary to resolve

---

[1]/ As a fourth felony offender, Diggs faced a sentencing range of twenty years to life. See LSA-R.S. 15:529.1(A)(1)(c)(i).

[2]/ In granting Diggs' motion the trial judge noted that "all sentences were to run concurrent." (St. ct. rec., vol. 1 of 1).

the matter at hand.

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Diggs have one year from the date that their convictions become final to timely seek federal habeas relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the Court <u>sua</u> <u>sponte</u>. <u>Kiser v. Johnson</u>, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted above, Diggs' conviction became final on March 11, 2004 when the thirty-day appeal time prescribed by Article 914(B)(1) expired and no motion therefor was made. At that point, the one-year limitation period set forth in §2244(d) began to run and was tolled over eleven months later on February 28, 2005 when Diggs executed his motion for clarification of sentence. After that motion was granted on March 16, 2005 the §2244(d) limitation period began to run again and had long since expired when Diggs signed his first PCRA on August 22, 2005. That being the case, and because no facts are present warranting the application of

equitable tolling, a doctrine that applies in rare and exceptional circumstances and principally where the petitioner is actually misled by the respondent or is prevented in some extraordinary way from asserting his rights, Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), it will be recommended that Diggs' petition be dismissed with prejudice.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Barry Diggs be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  26th  day of _____October_____, 2010.

                                              */s/ Alma L. Chasez*
                                              ALMA L. CHASEZ
                                 UNITED STATES MAGISTRATE JUDGE